

# The Attorney General of Texas

May 14. 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Elof Soderberg
General Manager
Lower Colorado River Authority
P. O. Box 220
Austin, Texas    78767

Opinion No. MW-468

Re:  Exclusion of public from
lands designated for use as an
archery    range    by    LCRA
employees

Dear Mr. Soderberg:

You have asked whether the Lower Colorado River Authority (hereinafter LCRA) Board of Directors may lawfully designate a certain area as an archery range for the use of the LCRA Employees Club members and their families. The area in question is located on land which was closed to the general public by the authority in 1976.

Your question concerns the applicability of two statutes: (1) section 18 of the LCRA Act, and (2) section 62.081 of the Parks and Wildlife Code.

Section 18 of the LCRA Act, Acts 1975, Sixty-fourth Legislature, page 179, chapter 74, section 1, effective April 28, 1975, reads, in pertinent part, as follows:

> The district shall not prevent public use of its lands for recreation purposes in fishing except at such points where, in the opinion of the directors, such use would interfere with the proper conduct of the business of the district or would interfere with the lawful use of the property....

As noted, the land in question was closed to the public in 1976, presumably because the authority determined that public use "would interfere with the proper conduct of the business of the district." A question could arise as to whether the proposed use of the land would be consistent with the authority's determination that the area is not proper for public use. In other words, it might be argued that the authority could not prevent public use of the land and at the same time allow its employees to use the land. In our opinion, however, the question of whether allowing use of the land by its employees would undermine the authority's position that the lands may properly

be closed to the public is a question of fact to be initially determined by the board of directors of the authority. The board of directors should direct that the board minutes reflect the board's reasoning and rationale in making its determination.

Section 62.081 of the Parks and Wildlife Code reads as follows:

> Except as provided in Section 62.082 of this code, no person may hunt with, possess, or shoot a firearm, bow, crossbow, slingshot, or any other weapon on or across the land of the Lower Colorado River Authority.

Section 62.082 provides that:

> (a)  The Board of Directors of the Lower Colorado River Authority may lease river authority land to be used on a nonprofit basis for a target rifle or archery range only and not for hunting.

> (b)  A member of the boy scouts or the girl scouts or other nonprofit public service group or organization may possess and shoot a firearm, bow, and crossbow for target or instructional purposes under the supervision of a qualified instructor registered with and approved by the Lower Colorado River Authority on ranges designated by the Lower Colorado River Authority. This subsection does not permit hunting by any person.

Section 62.081 expressly prohibits individuals from possessing a "bow, crossbow... or any other weapon" on land owned by the LCRA except as permitted by section 62.082. Under that section, the Board of Directors of the LCRA may lease river authority land to be used on a nonprofit basis for an archery range. It may also authorize "nonprofit public service" groups or organizations to possess and shoot bows or crossbows for target or instructional purposes under certain conditions.

Sections 62.081 and 62.082 are clear and unambiguous. Accordingly, the answer to your question is that the proposed use of the LCRA land in question would be permissible only under either of the conditions specified in section 62.082. You have not presented any facts to indicate that the LCRA Employees Club is a "public service group or organization." If the club is not such an organization, the remaining alternative would be to lease the land to the Club under the authority of section 62.082(a).

## S U M M A R Y

The Lower Colorado River Authority Board of Directors may lawfully authorize the use of LCRA lands closed to the general public as an employees archery range if it finds that such use is not inconsistent with its position in closing such lands to the public, and if the requirements of sections 62.081 and 62.082 of the Parks and Wildlife Code are met.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Eva Loutzenhiser
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Shawn Jamail
Jim Moellinger
Bruce Youngblood